## Change of Name of X

*Edward A. Mihalik*, for petitioner.

KLEIN, J., June 28, 1973.—We have before us for consideration a most unusual petition for change of the surname of a seven-year-old child. Petitioner alleges that he is the natural father, although the mother was yet married to another at the time of the birth. Petitioner alleges that he petitions as "parent and natural guardian or next friend" of the minor and "on behalf of said minor." Petitioner married the mother shortly after the birth of the child when the mother's divorce from her previous husband became final. Petitioner and mother were themselves divorced in September 1972.

The mother has custody of the child. Petitioner has "acknowledged" paternity from the time of birth and has supported the child. He currently is under court order to pay child support, although he is in arrears on such payments to some extent. The mother has not joined in the petition.

Consequently, we doubt that petitioner has proper standing to present the petition. Further, the mother's previous husband, who is designated as the father on

the birth certificate, has been given no actual notice of these proceedings and certainly must be regarded as a "necessary party" when it is his surname that is involved. Constructive notice by publication is insufficient where there has been no effort to personally serve the "presumptive father," especially when petitioner fails to do so much as to mail a notice to the party's last known address.

The Act of April 18, 1923, P. L. 75, 54 PS §1, et seq., as amended, provides that *"Any person desiring to change his or her name. . . ."* (Italics supplied.)

There is no evidence here that the child "desired" to have its name changed and no evidence that petitioner had any standing to speak for or act on behalf of the minor. The child is not of sufficient age to understand the nature of the action and it is a fact that petitioner never attempted to discuss the matter with the child. The mother appeared in opposition to the prayer of the petition.

Based solely on the foregoing, we are duty bound to deny the petition.

However, considering the merits, we would, in the exercise of our discretion in such proceedings, deny the petition nevertheless. The reasons advanced by petitioner are (1) that he is the natural father and (2) that it is inconvenient and annoying in regard to his hospital-medical insurance coverage because there are two children covered, each with a different surname. The child, presumptively, was the child of the previous husband; and petitioner is no longer married to the mother, to seriously dilute the argument about being "the father."

Although the child was known by the surname of petitioner from the time of birth, except on the birth certificate, until enrolled in school at age five, the child has been known by the legal surname through two

years of school, the immediate past two years. To once again have a change in name with its consequent embarrassment, necessity for explanations by the child, etc., is much too much to ask to make it easier for petitioner to list his dependents for insurance purposes. Whatever quandary petitioner finds himself in is largely of his own making.

For all of these reasons, we make the following

## ORDER

And now, June 28, 1973, it is ordered and decreed that the petition for change of the surname of a child be, and it is hereby denied without prejudice to the right of the child to petition, or to have another person petition in its behalf, for such a change when the child is of sufficient age and comprehension to understand the nature of the proceedings.